# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 0743 | DATE | 5/9/2000 |
| CASE TITLE | USA ex rel.. BOBBY CARTER vs. JOHN C. BATTLES | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Petition for Writ of Habeas Corpus

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Respondent is directed to submit the relevant portions of petitioner's pre-trial, trial, and post-conviction transcripts pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Court by May 22, 2000. ENTER MEMORANDUM OPINION AND ORDER

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | MAY 1 1 2000 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | SB docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | 5/9/2000 date mailed notice |
| jad | courtroom deputy's initials | 00 MAY 10 PM 3:41 Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
BOBBY CARTER, )
) No. 00 C 0743
Plaintiff, )
) Suzanne B. Conlon, Judge
v. )
)
JOHN C. BATTLES, warden, )
)
Defendant. )

DOCKETED
MAY 11 2000

## MEMORANDUM OPINION AND ORDER

Bobby Carter petitions for a writ of habeas corpus against John C. Battles, warden of the Illinois River Correctional Center, pursuant to 28 U.S.C.§2254. Despite two opportunities to respond to this almost four month old petition, Battles has failed to adequately do so.

### BACKGROUND

On March 30, 1995, Carter was convicted of attempted first degree murder and armed robbery in the Circuit Court of Cook County, Illinois. He was sentenced to prison terms of 25 and 15 years to be served consecutively. The Illinois Appellate Court affirmed Carter's conviction and sentence on August 2, 1996. See Illinois v. Carter, No. 1-95-1283. The Illinois Supreme Court denied Carter's petition for leave to appeal on April 2, 1997. Carter filed a petition for post-conviction relief in state court; the petition was dismissed on December 4, 1997. Carter appealed the dismissal of his post-conviction petition to the Illinois Appellate

Court and was appointed appellate counsel. However, Carter's counsel sought permission to withdraw pursuant to <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987), on the ground that no issue of constitutional merit existed and appeal would be frivolous. The appellate court granted counsel's motion to withdraw and affirmed the trial court's decision on August 24, 1999. The Supreme Court of Illinois denied Carter's petition for leave to appeal on December 1, 1999.

On January 31, 2000, Carter filed his petition for a writ of habeas corpus in this court requesting relief on eight grounds. On April 20, 2000, this court dismissed grounds (3)(b) - (8) of Carter's petition because they were procedurally defaulted. Battles was ordered to respond by May 3, 2000 to the merits of the surviving grounds of (1) ineffective assistance of counsel in failing to investigate 911 calls and tapes; (2) ineffective assistance of counsel in cross-examination of the victim, a police officer, and an eye witness about prior inconsistent statements; and (3)(a) ineffective assistance of counsel in cross-examination of other witnesses. On April 20, 2000, this court granted Carter leave to amend his petition to add the additional ground (9) of unlawful seizure in violation of the Fourth Amendment. On May 3, 2000, Battles filed a supplemental answer responding to the merits of grounds (1) - (3)(a) and (9) of Carter's petition.

2

**DISCUSSION**

On habeas, Carter bears the burden of showing the affirmances of his convictions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court's application of Supreme Court precedent is reasonable where it is "at least minimally consistent with the facts and circumstances of the case, even if it is not well reasoned or fully reasoned, or even if it is one of several equally plausible outcomes." Schaff v. Snyder, 190 F.3d 513, 523 (7th Cir. 1999) (citations omitted). To state a valid claim for ineffective assistance of counsel, Carter must show (1) his counsel's performance was objectively unreasonable, and (2) there exists a reasonable probability that, but for his lawyer's alleged errors, the results would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Ineffective assistance of counsel is a mixed question of law and fact reviewable under §2254(d)(1). Porter v. Gramley, 112 F.3d 1308, 1313 (7th Cir. 1997). "This means that only a clear error in applying Strickland's standard would support a writ of habeas corpus." Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997).

Grounds (1) - (3)(a) of Carter's petition allege ineffective assistance of counsel. In ground (1), Carter claims his trial counsel failed to investigate 911 calls made to the police. He

3

asserts his trial counsel failed to investigate whether there were one or two calls made and if the call or calls were made by Larry Calabro, a witness, as the government argued at trial. In ground (2), Carter alleges his trial counsel failed to effectively cross-examine Calabro, Naimet Raza (the victim), and Officer Baiocchi regarding inconsistencies and alleged perjury in their testimony at trial. In ground (3)(a), Carter contends his trial counsel failed to effectively cross-examine other government witnesses regarding two inconsistent descriptions given to the police of the wanted offender which led to his stop and arrest. Carter claims that but for his trial counsel's ineffective assistance, there is a reasonable probability the outcome of his trial would have been different. Ground (9) of Carter's habeas petition alleges that his Fourth Amendment rights were violated because the police did not have reasonable suspicion to stop him or probable cause for his arrest.

Battles claims Carter's habeas grounds have no merit. He argues that Carter cannot satisfy the requirements necessary to establish ineffective assistance of counsel as set out in <u>Strickland</u>. 466 U.S. at 687-88. Specifically, Battles asserts Carter's trial counsel was aware of the 911 tapes and the inconsistent descriptions of the perpetrator given to police. He contends Carter's trial counsel did impeach Calabro, Raza, Officer Baiocchi and other witnesses about the apparent inconsistencies. Battles further contends the trial court properly determined that

the police did not violate Carter's Fourth Amendment rights in a pre-trial hearing and properly denied this claim on post-conviction review. Battles concludes the stop was lawful because Carter matched the description the police officers had received and was walking in an area close to the crime scene.

The Seventh Circuit has stressed that the "prompt disposition of petitions for habeas corpus is highly desirable, especially given the writ's historic function of protecting the citizen against arbitrary detention[.]" Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994). Despite the deference given state court decisions in habeas cases, this court cannot determine whether the state courts properly applied the correct legal standards because of Battles' inadequate response. Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 5") directs a respondent to attach to his answer the portions of the pretrial, trial, sentencing, and post-conviction record he deems relevant. See 28 U.S.C. §2254 Rule 5. In support of his arguments, Battles attaches to his supplemental answer a copy of the motion of Carter's appellate counsel to withdraw pursuant to Finley and a copy of Carter's post-conviction petition. With his original answer, Battles included a copy of the state appellate court's opinion granting the Finley motion and affirming the trial court's denial of Carter's post-conviction petition.[1] See Illinois v. Carter, No.

---

[1] With his original answer, Battles also included a copy of the state appellate court's opinion affirming Carter's conviction.

5

1-98-4785. This record is insufficient to support Battles' arguments. Battles argues that Carter cannot meet the requirements of <u>Strickland</u> because Carter's trial counsel knew about the 911 tapes and cross-examined the witnesses at trial. However, Battles does not include any portions of Carter's trial transcript. Similarly, Battles contends the state courts properly denied Carter's Fourth Amendment claim, yet he does not attach the transcript of the pre-trial hearing that determined the lawfulness of Carter's stop and arrest. Furthermore, Battles does not include any transcript excerpts from Carter's post-conviction hearing or a copy of the trial court order denying Carter's post-conviction petition. Although a copy of the state appellate court's post-conviction opinion is usually sufficient for the court to rule on a federal habeas petition, this is not the case here. The state appellate court opinion granted appellate counsel's <u>Finley</u> motion and affirmed the trial court's order denying the post-conviction petition in less than one page. <u>Id.</u> The opinion does not contain factual findings or any analysis of the trial court's order. <u>Id.</u> Finally, while appellate counsel's <u>Finley</u> brief contains citations to the trial record, the cited portions of the record are not included with the brief. See supplemental answer ex. A. In light of these deficiencies, the court cannot rule on Carter's petition

---

Carter's direct appeal raised different grounds than his habeas petition and does not affect the analysis. See <u>Illinois v. Carter</u>, No. 1-95-1283.

6

without the relevant portions of the record. Accordingly, Battles is directed to submit the relevant portions of Carter's pre-trial, trial and post-conviction petition transcripts pursuant to Rule 5. *See* 28 U.S.C. §2254; *see also* Rayford v. Bosse, 1995 WL 443918, *1 (N.D. Ill. 1995); Kubik v. Welborn, 1993 WL 98235, *6 (N.D. Ill. 1993). If Battles fails to submit relevant portions of the record as directed, doubts as to the record shall be resolved in Carter's favor. *See* Barksdale v. Lane, 1989 WL 135199, * 3 n. 3-4 (N.D. Ill. 1989).

## CONCLUSION

Petitions for habeas corpus are of the utmost priority and should be dealt with promptly. Despite two opportunities to do so, Battles' counsel, Assistant Attorney General Mary A. Fleming, has failed to file a satisfactory answer. In the first answer, Ms. Smith failed to address the merits of Carter's habeas petition at all. As a result, this court cautioned Battles that his "failure to respond to the merits of the petition has unduly and unreasonably delayed resolution of Carter's claims." *See* minute order of April 20, 2000. In the supplemental answer, Ms. Smith fails to include relevant portions of the record necessary for the court to rule on the petition. She provides no explanation for failing to include relevant portions of the record. The Illinois Attorney General's

office has again unreasonably delayed resolution of Carter's claim and caused unnecessary expenditure of judicial resources.

Battles is directed to submit the portions of petitioner's pre-trial, trial, and post-conviction transcripts relevant to grounds (1) - (3)(a) and (9) of Carter's habeas petition by May 22, 2000, or issues relating to the missing record shall be resolved in Carter's favor.

ENTER:

May 9, 2000

Suzanne B. Conlon
United States District Judge