Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 0743 | DATE | 6/1/2000 |
| CASE TITLE | UNITED STATES OF AMERICA ex rel. BOBBY CARTER vs. JOHN C. BATTLES, warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petition for writ of habeas corpus

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Carter's petition for habeas corpus [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 27 |
| | Notified counsel by telephone. | JUN 05 2000 date docketed | |
| | Docketing to mail notices. | S.B docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 6/1/20007 date mailed notice | |
| jad | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. BOBBY CARTER, Plaintiff, v. JOHN C. BATTLES, Warden Defendants. | No. 00 C 0743 Suzanne B. Conlon, Judge |

**DOCKETED JUN 05 2000**

## MEMORANDUM OPINION AND ORDER

Bobby Carter petitions for a writ of habeas corpus against John C. Battles, warden of the Illinois River Correctional Center, pursuant to 28 U.S.C. §2254.

## BACKGROUND[1]

Carter was convicted of attempted first degree murder and armed robbery in the Circuit Court of Cook County, Illinois. Carter's prosecution stemmed from the armed robbery and stabbing of Naimet Raza, a taxi cab driver, on November 11, 1993. Carter flagged down Raza and requested that he be driven to the corner of North Avenue and Sheffield in the City of Chicago. Upon arrival, Carter stabbed Raza in the chest with a knife, removed $15 from Raza's pocket and attempted to stab him again. Raza saw Carter's face during the attack. Carter then left the cab and Raza yelled for help. Larry Calabro, who lived nearby, heard Raza calling for help and observed Carter walking away from

---

[1] The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding; the petitioner may rebut that presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1). Carter fails to rebut the state courts' factual findings with clear and convincing evidence. Accordingly, the background facts are drawn from the Illinois state appellate court opinion affirming Carter's conviction and the trial court opinion dismissing Carter's post-conviction petition.

the cab. Calabro was fifteen to twenty feet away from Carter and could see his face. Calabro then called 911 and reported the robbery. The incident report and two descriptions of the offender were transmitted to police officers in the area. Officers Bowen and Baiocchi observed Carter walking several blocks from the location of the stabbing. The officers noted that Carter fit the offender's description and stopped him. After he was stopped, Carter agreed to be taken to the scene of the stabbing. At the scene, Carter was identified by Raza, who was in an ambulance receiving medical treatment. Calabro also identified Carter. Carter was then arrested.

On March 30, 1995, Carter was convicted of attempted first degree murder and armed robbery. He was sentenced to prison terms of 25 and 15 years to be served consecutively. The Illinois Appellate Court affirmed Carter's conviction and sentence on August 2, 1996. *See* Illinois v. Carter, No. 1-95-1283. The Illinois Supreme Court denied Carter's petition for leave to appeal on April 2, 1997. Carter filed a petition for post-conviction relief in state court; the petition was dismissed on December 4, 1997. Carter appealed the dismissal of his post-conviction petition to the Illinois Appellate Court and was appointed appellate counsel. However, Carter's counsel sought permission to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), on the ground that no issue of constitutional merit existed and appeal would be frivolous. The appellate court granted counsel's motion to withdraw and affirmed the trial court's decision on August 24, 1999. The Supreme Court of Illinois denied Carter's petition for leave to appeal on December 1, 1999.

On January 31, 2000, Carter filed this petition for a writ of habeas corpus requesting relief on eight grounds. On April 20, 2000, this court dismissed grounds (3)(b) - (8) of Carter's petition because they were procedurally defaulted. Battles was ordered to respond by May 3, 2000 to the merits of the surviving grounds: (1) ineffective assistance of counsel in failing to investigate 911 calls

and tapes; (2) ineffective assistance of counsel in cross-examination of Raza, Baiocchi, and Calabro about their prior inconsistent statements; and (3)(a) ineffective assistance of counsel in cross-examination of other witnesses. On April 20, 2000, this court granted Carter leave to amend his petition to add additional ground (9) of unlawful seizure in violation of the Fourth Amendment. On May 3, 2000, Battles filed a supplemental answer responding to the merits of grounds (1) - (3)(a) and (9) of Carter's petition. On May 9, 2000, this court ordered Battles to submit relevant portions of Carter's pretrial, trial, and post-conviction transcripts pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Court. On May 22, 2000, Battles filed a second supplemental answer including the relevant portions of the state court record.

## DISCUSSION

I    **Standard of review**

On habeas review, Carter bears the burden of showing the affirmances of his convictions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The "unreasonable application" language essentially "tells federal courts: [h]ands off, unless the [state court] judgment in place is based on an error grave enough o be called 'unreasonable.'" Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) *rev'd on other grounds*, 521 U.S. 320 (1997). In essence, once the state court asks the legally correct question identifying the applicable constitutional rule, a federal court may grant habeas relief only if the state court's application of that standard was unreasonable. Id.; 28 U.S.C. §2254(d). A state court's application of Supreme Court precedent is reasonable where it is "at least minimally consistent with the facts and circumstances of the case, even if it is not well reasoned or fully

3

reasoned, or even if it is one of several equally plausible outcomes." Schaff v. Snyder, 190 F.3d 513, 523 (7th Cir. 1999) (citations omitted).

## II  Ineffective assistance of counsel

Ineffective assistance of counsel claims are analyzed under the standard set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To state a valid claim for ineffective assistance of counsel, Carter must show (1) his counsel's performance was objectively unreasonable, and (2) there exists a reasonable probability that, but for his lawyer's alleged errors, the results would have been different. Id. A defendant bears a heavy burden when seeking to establish an ineffective assistance of counsel claim. To establish the deficiency of counsel's performance, Carter must overcome the strong presumption that the challenged action might be considered sound trial strategy. Franklin v. Gilmore, 188 F.3d 877, 884 (7th Cir. 1999) (citing Strickland, 466 U.S. at 689). Ineffective assistance of counsel is a mixed question of law and fact reviewable under §2254(d)(1). Porter v. Gramley, 112 F.3d 1308, 1313 (7th Cir. 1997). Thus, "only a clear error in applying Strickland's standard would support a writ of habeas corpus." Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997).

Grounds (1) - (3)(a) of Carter's petition allege ineffective assistance of counsel. In ground (1), Carter claims his trial counsel failed to investigate 911 calls made to the police. He asserts his trial counsel failed to investigate whether there was one or two calls made and if the call or calls were made by Calabro, as the government asserted at trial. In ground (2), Carter alleges his trial counsel failed to effectively cross-examine Calabro, Raza, and Baiocchi regarding inconsistencies and alleged perjury in their trial testimony. In ground (3)(a), Carter contends his trial counsel failed to effectively cross-examine other government witnesses regarding two inconsistent descriptions given to the police that

4

led to his stop and arrest. Carter claims but for his trial counsel's ineffective assistance, there is a reasonable probability the outcome of his trial would have been different.

Carter's claims of ineffective assistance of counsel fail on the merits. In denying Carter's post-conviction petition, the trial court applied the <u>Strickland</u> standard. *See* <u>Illinois v. Carter</u>, No. 93 CR 28942, Dec. 3, 1997. Because the state court identified the correct standard, this court may grant habeas relief only if the state court's application of <u>Strickland</u> was unreasonable. However, this court finds the trial court's application of <u>Strickland</u> to be reasonable. The court reasonably concluded Carter's counsel was not deficient regarding her investigation of the 911 calls and offender descriptions given to police (ground (1) of the federal petition). Carter's trial counsel was aware of the 911 calls and the two descriptions given to police. This is reflected by her witness examination and argument at the hearing on Carter's motion to quash arrest and suppress evidence. It was also reasonable for the state court to reject Carter's claims of ineffective assistance regarding the cross examination of witnesses (grounds (2) and (3)(a) of the federal petition). The state court concluded trial counsel's decisions regarding cross examination were clearly matters of trial strategy explainable by reasons other than incompetence and failed to implicate the <u>Strickland</u> standard. Carter gives no reason to doubt this conclusion. The record reveals that trial counsel did cross-examine Raza and Calabro and pointed out inconsistencies in Baiocchi's police report. The jury was aware that there were two descriptions of the offender, that one did not exactly match Carter's clothing, and that Baiocchi's police report did not contain a fact later testified to in court. Furthermore, Carter has failed to establish there exists a reasonable probability that, but for his lawyer's alleged errors, the results would have been different. Accordingly, grounds (1) - (3)(a) of Carter's habeas petition must be denied.

**III    Illegal seizure**

In ground (9) of his habeas petition, Carter claims his Fourth Amendment rights were violated because the police did not have probable cause to seize or arrest him. Even though Carter frames this issue as one of probable cause, the issue is whether the stop and showup were permissible under Terry v. Ohio, 392 U.S. 1 (1968). This issue was addressed before trial on Carter's motion to quash arrest and suppress evidence and his motion to suppress identification testimony. In denying both motions, the court relied on People v. Lippert, 432 N.E.2d 605 (Ill. 1982), and concluded that the police stop and the transportation of Carter to the crime scene for identification were permissible under Terry. Tr. A49-52. Because the state court identified the correct standard, this court may grant habeas relief only if the state court's decision was unreasonable. The court concluded the police had sufficient cause to stop Carter for investigative purposes because he met the offender's general description and was walking near the crime scene. There is sufficient evidence to support this conclusion. The police spotted Carter approximately four blocks from the crime scene only six or seven minutes after the incident was reported on the radio. The police patted him down and noticed that he was nervous and his heart was beating quickly. The officers explained to him that he matched the general description of a robbery suspect and asked him to assist in the investigation by accompanying them to the crime scene. According to Bowen's unrebutted testimony, Carter voluntarily agreed to ride with them to the crime scene where he was identified and then arrested. In light of this record, the trial court's conclusion that Carter's stop was permissible under Terry and did not violate the Fourth Amendment was reasonable. Accordingly, ground (9) of Carter's habeas petition must be denied.

## CONCLUSION

Carter's petition for habeas corpus is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 1, 2000